**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1797**

CHUKWUJINDU VICTOR MBAKPUO,

                Petitioner – Appellant,

        v.

ERIC H. HOLDER, JR., Attorney General of the United States;
DEPARTMENT OF HOMELAND SECURITY,

                Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: March 4, 2011          Decided:  March 18, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Liam Ge, Columbia, Maryland, for Petitioner.  Tony West,
Assistant Attorney General, Carl H. McIntyre, Jr., Assistant
Director, Francis W. Fraser, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chukwujindu Victor Mbakpuo, a native and citizen of Nigeria, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's orders denying his application for cancellation of removal under 8 U.S.C. § 1229b(b) (2006), the application for voluntary departure and his motion to reconsider. We dismiss the petition for review.

In an appeal of an administrative decision to grant or deny cancellation of removal under 8 U.S.C.A. § 1229b(b), this court has jurisdiction only over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D) (2006); see Jean v. Gonzales, 435 F.3d 475, 479-80 (4th Cir. 2006) (holding that, under § 1252(a)(2)(B)(i), (D), court has no jurisdiction over any aspects of denial of relief under § 1229b except constitutional claims or questions of law); Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision bars our jurisdiction to review a decision of the B[oard] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). Mbakpuo's application was denied as a matter of discretion and because he failed to show his removal would be an exceptional and extreme hardship to his United States born children. We conclude that Mbakpuo has failed to identify any

2

substantive error of law or constitutional claim regarding the discretionary denial of relief. Thus, we do not have jurisdiction to review the order.

With regard to voluntary departure, this court does not have jurisdiction to review the denial of an order for voluntary departure, except for claims involving a constitutional error or an error of law. See 8 U.S.C. § 1229c(f)(2006); Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004). Mbakpuo has failed to identify any such error.

Therefore, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED